UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-12770-GAO

EDMUND SAYWARD, SR. and MARC ABBOTT et al,
Plaintiffs,

v.

PEPPERIDGE FARM, INC.,
Defendant.

OPINION AND ORDER
February 27, 2015

O'TOOLE, D.J.

This putative class action arises from allegations that defendant Pepperidge Farm, Inc. classified its distributors as independent contractors rather than employees in violation of Massachusetts General Laws Chapter 149, Section 148B. The putative class consists of "[a]ll person who performed services as distributors of Pepperidge Farm pursuant to Consignment Agreements in Massachusetts at any time from October 2, 2010 to the present." (Compl. at 12 (dkt. no. 1-1).) The distributors argue that as a result of being characterized as independent contractors they improperly have been denied employee benefits and overtime compensation. Pepperidge Farm has moved to strike the class allegations.

Under the Federal Rules of Civil Procedure, a class action may be maintained only if it satisfies the numerosity, commonality, typicality, and adequacy of representation requirements of Rule 23(a). Fed. R. Civ. P. 23(a)(1)-(4). In addition, the class action must satisfy the requirements of Rule 23(b), which provides, in relevant part,

> [a] class action may be maintained if . . . the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Fed. R. Civ. P. 23(b)(3). Pepperidge Farm contends that the distributors' claims cannot satisfy the predominance requirement of Rule 23(b)(3) because Section 148B requires individualized assessment of the relationship between Pepperidge Farm and each independent contractor.

> Under Chapter 149, Section 148B,
>
> an individual performing any service . . . shall be considered to be an employee . . . unless:
> (1) the individual is free from control and direction in connection with the performance of the service, both under his contract for the performance of service and in fact; and
> (2) the service is performed outside the usual course of the business of the employer; and,
> (3) the individual is customarily engaged in an independently established trade, occupation, profession or business of the same nature as that involved in the service performed.

M.G.L. ch. 149, § 148B. For an individual to qualify as an independent contractor, the employer bears the burden of proving all three elements of Section 148B. Athol Daily News v. Bd. of Review of the Div. of Employment & Training, 786 N.E.2d 365, 370 (Mass. 2003). Pepperidge Farm argues that a court must conduct a fact-intensive analysis of each individual's work activities to determine whether he is an employee under Section 148B, and, as a result, common questions of fact will never predominate for claims under Section 148B.

To be sure, courts have refused to certify classes where plaintiffs brought misclassification claims under Section 148B because the putative class could not satisfy the predominance requirement of Rule 23(b). See Magalhaes v. Lowe's Home Ctrs., Inc., No. 13-cv-10666-DJC, 2014 WL 907675, at *8 (D. Mass. Mar. 10, 2014); Shwann v. FedEx Ground Package Sys., Inc., No. 11-cv-11094-RGS, 2013 WL 1292432, at *2-3 (D. Mass. Apr. 1, 2013); In re FedEx Ground Package Sys., Inc. Employment Practices Litig., 273 F.R.D. 516, 525 (N.D.

2

Ind. 2010) (FedEx II) (applying Massachusetts law); In re FedEx Ground Package Sys., Inc., Employment Practices Litig., 273 F.R.D. 424, 455-57 (N.D. Ind. 2008) (FedEx I) (applying Massachusetts law). However, this issue comes before the Court by way of a motion to strike. While district courts have the authority to strike class allegations from a pleading pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, the First Circuit has described this remedy as "drastic" and encouraged courts to await a more developed factual record before deciding whether a class can move forward. Manning v. Boston Med. Ctr. Corp., 725 F.3d 34, 59-60 (1st Cir. 2013).[1] Further, the facts of Manning are instructive here. In Manning, the putative class consisted of numerous employees from Boston Medical Center who claimed that they had been deprived of wages and forced to work extra shifts in violation of the Fair Labor Standards Act and Massachusetts common law. The district court granted a motion to strike on the theory "that the existence of such a widespread policy across such a diverse group of employees" was implausible. Id. The First Circuit rejected this finding, explaining

> [e]ven if the court had concerns about plaintiffs' ability to represent such a diverse group of employees, those concerns do not justify the drastic measure of striking the class allegations in their entirety.

---

[1] Pepperidge Farm argues that the decisions in Schwann, Magalheas, FedEx I, and FedEx II were not based on the factual records of each case, but on Section 148B's statutory requirement for individualized proof. However, the Court in Magalheas engaged in a thorough analysis of the factual record and suggested that Section 148B may be amenable to class actions where a class is particularly homogenous. 2014 WL 907675, at *5-6 (distinguishing Martins v. 3PD, Inc., No. 11-cv-11313-DPW, 2013 WL 1320454 (D. Mass. Mar. 28, 2013), and DeGiovanni v. Jani-King Int'l, Inc., 262 F.R.D. 71 (D. Mass. 2009), on the basis that the "plaintiffs performed only one service for the employer"). Insofar as Schwann, FedEx I, and FedEx II focused on the statute rather than case-specific facts, the courts nevertheless had the benefit of a factual discovery record at the time of their respective decisions.

Id. at 60. Here, the Complaint contains allegations that the various distributors engaged in uniform work activities. Accepting these allegations for present purposes, the Court cannot determine, at this time, that it is completely implausible for the distributors to satisfy Rule 23(b).

For the reasons stated herein, the defendant's Motion (dkt. no. 26) to Strike is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.<br>United States District Judge